# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY RANCH, LLC, et al., ) | 1:10cv020 LJO DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATIONS |
| Plaintiffs, ) | REGARDING PLAINTIFFS' MOTION |
| ) | TO STRIKE ANSWER |
| v. ) | (Document 13) |
| ) | |
| WORLD WIDE INVESTMENTS, LLC II, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **BACKGROUND**

Plaintiffs Central Valley Ranch, LLC, Gordon W. Shaw Properties, Inc. and William Barkett ("Plaintiffs") filed this action on January 5, 2010. On February 23, 2010, Defendants Bryan Pilosi and Raviv Wolfe, proceeding pro se, filed an answer on behalf of themselves and on behalf of Defendant Serenity Financial Group, LLC ("Serenity"). Plaintiffs filed the instant motion to strike the answer of Serenity on March 22, 2010.

On April 13, 2010, the Court held a scheduling conference, which was attended by Plaintiffs' counsel and Defendants Wolfe and Pilosi in pro se. The Court continued the scheduling conference in order to resolve the pending motion and to allow Defendants to retain counsel.

On April 20, 2010, the Court removed the instant motion to strike from the hearing calendar. The Court also ordered Defendants Wolfe and Pilosi to show cause within twenty (20)

days why Serenity's answer should not be stricken.  More than twenty (20) days have passed and Defendants failed to file a response or a notice of appearance by counsel for Serenity.

## DISCUSSION

Plaintiffs move to strike the answer based on the failure of Serenity, a business entity, to be represented by an attorney.  A corporation or other artificial entity must be represented by licensed counsel.  See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993) (noting that 28 U.S.C. § 1654 does not allow corporations, partnerships, or associations to appear in federal court other than through a licensed attorney); U.S. Phillips Corp. v. Synergy Dynamic Intern., LLC, 2007 WL 2914804 (D.Nev. 2007) (limited liability company).  Further, Local Rule 183(a) provides that "[a]ny individual who is representing himself . . . without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual. . .or any other party on the same side appearing without an attorney."  See also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney may appear in pro per on his own behalf, but he has no authority to appear as an attorney for others).

As Serenity is a limited liability company, it may not be represented by pro se defendants. Although Defendant Pilosi purportedly signed the answer as Serenity's President and Defendant Wolfe purportedly signed the answer as Serenity's CEO, this is not sufficient.  See, e.g., United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir.1993) (non-attorneys, including a corporation's president, are barred from representing a corporation).

## RECOMMENDATION

For the reasons discussed, the Court recommends that Plaintiffs' motion to strike Serenity's answer be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1 Recommendations." Any reply to the objections shall be served and filed within fourteen (14)
2 days after service of the objections. The District Judge will then review these findings and
3 recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file
4 objections within the specified time may waive the right to appeal the District Court's order.
5 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

      **Dated:   May 18, 2010**                **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE