# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL VALLEY RANCH, LLC, et al., ) | 1:10cv00020 LJO DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATIONS |
| Plaintiffs, ) | REGARDING PLAINTIFFS' APPLICATION |
| ) | FOR COURT JUDGMENT AFTER DEFAULT |
| v. ) | |
| ) | (Document 77) |
| WORLD WIDE INVESTMENTS, LLC II, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs Central Valley Ranch, LLC and Gordon W. Shaw Properties, Inc. (collectively "Plaintiffs") filed the instant motion for default judgment against Defendants Serenity Financial Group, LLC, World Wide Investments, LLC II, Donelson Legal Services, Al Hopkins and Carla Zamora ("Defendants"). The matter was heard on January 13, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Scott Jones appeared telephonically on behalf of Plaintiffs. No one appeared on behalf of Defendants

**DISCUSSION**

Plaintiffs Central Valley Ranch, LLC ("CVR") and Gordon W. Shaw Properties, Inc. ("Shaw") filed this action on January 5, 2010. Plaintiffs named World Wide Investment, LLC II, Serenity Financial Group, Donelson Legal Services, Al Hopkins, Carla Zamora, Raviv Wolfe and Bryan Pilosi as Defendants.

1

On January 28, 2010, Defendant Serenity Financial Group was served with the complaint. Defendants Raviv Wolfe and Bryan Pilosi, proceeding pro se, filed an answer to the complaint on behalf of Serenity Financial Group. By court order, the answer was stricken from the record. Doc. 29. At Plaintiffs' request, the Clerk of the Court entered default as to Serenity Financial Group on June 29, 2010.

On January 29, 2010, Defendants Raviv Wolfe and Bryan Pilosi were served with the complaint. According to Plaintiffs, Defendants Wolfe and Pilosi filed bankruptcy. Doc. 37. Plaintiffs intend to dismiss the action as to these defendants.

On November 1, 2010, Plaintiffs filed a motion for leave to serve Defendants Worldwide Investments, LLC, II, Donelson Legal Services, Al Hopkins and Carla Zamora. The Court granted Plaintiffs' request to serve these defendants by publication. Doc. 43. Following publication and pursuant to Plaintiffs' request, the Clerk of the Court entered default as to these defendants on April 27, 2011. Docs. 65-68.

On November 22, 2011, Plaintiffs filed the instant motion for default judgment as to Defendants World Wide Investments, LLC II, Serenity Financial Group, Donelson Legal Services, Al Hopkins and Carla Zamora in the amount of $586,000, plus interest, against each defendant. Docs. 77, 80.

**FACTUAL BACKGROUND[1]**

CVR owns and operates a 660-acre almond orchard in Kern County. Shaw owns and operates a 470-acre wine grape vineyard in Madera County. Annually, CVR and Shaw obtain farming lines of credit, which are repaid from the crop proceeds. The properties also have permanent financing.

In 2008, County Bank provided CVR and Shaw with crop financing. In late 2008 or early 2009, County Bank was taken over by federal regulators and sold to West America Bank. Prior to the government takeover, County Bank agreed to provide crop financing for 2009. After taking over County Bank, West America Bank notified CVR and Shaw that it would not provide

---

[1] The factual background is derived from the Complaint. Doc. 1.

1  crop financing for 2009.  CVR and Shaw sought crop financing on an emergency basis during the
2  2009 crop year.
3      In or about May 2009, Defendants Wolfe and Pilosi of Serenity Financial approached
4  William Barkett and confirmed that World Wide could supply financing to Plaintiffs on an
5  expedited basis.  Plaintiffs immediately contacted World Wide and submitted an application for
6  financing for both CVR and Shaw.
7      On June 1, 2009, World Wide provided CVR a term sheet for a loan in the amount of
8  $6,750,000.00 secured by the CVR farm for a fee and deposit totaling $41,500.00.  Barkett
9  signed the term sheet, but the parties agreed to reduced fee and deposit of $26,500.00.  Plaintiffs
10 paid the reduced fee.
11     On June 3, 2009, World Wide provided Shaw a term sheet for a loan in the amount of
12 $6,525,000.00 secured by the Shaw property for a fee and deposit totaling $53,000.00.  The
13 parties agreed to a reduced fee of $26,500.00, which Plaintiffs paid to World Wide.
14     According to the term sheets, a portion of the amounts paid to defendants covered the
15 cost of appraisals and reports that World Wide claimed it needed for the loans to proceed.
16 Plaintiffs signed the term sheets in June 2009 and provided World Wide with requested
17 information.
18     On August 17, 2009, CVR received loan approval from World Wide in the amount of
19 $6,750,000 with interest at 8.9% secured by the CVR property and personally guaranteed by
20 Barkett, the principal of CVR.  As part of the loan approval, Plaintiffs paid an additional loan
21 commitment fee of $16,500.00.  Plaintiffs believe a portion of that fee went to Defendant
22 Serenity Financial as a commission or other fee.
23     Despite the loan approvals, Defendants continued to demand information from Plaintiffs
24 and failed to advance any funds.  Plaintiffs did not begin searching for other lenders because
25 Defendants continued to indicate that the loans would fund soon.  Plaintiffs demanded the loans
26 be funded.
27     On October 20, 2009, Defendants informed Plaintiffs that the loans were denied.
28 Plaintiffs immediately demanded copies of all appraisals, reports and fees paid.  Defendants

1  refused and contended that the loans had not closed because Plaintiffs failed to provide necessary
2  information or that Plaintiffs misrepresented the status of the properties or liens against them.
3  Defendants World Wide, Hopkins, Serenity, Wolfe, Pilosi and Donelson contended that
4  Plaintiffs were trying to commit loan or mortgage fraud in seeking the loans.

5       Defendants World Wide and Serenity are not licensed or registered to do business in
6  California.  They hold no license authorizing them to make or assist in making loans here.
7  Defendant Donelson Legal Services purports to be performing legal services for World Wide and
8  Serenity.  Donelson Legal Services has no license to practice law in California and Defendant
9  Zamora is not an attorney licensed in Illinois or otherwise.  Defendants Hopkins, Wolfe, Zamora
10 and Pilosi have no license to make or to arrange loans in California.

11      Plaintiffs allege that Al Hopkins is the alter ego of Defendant World Wide, that Wolfe
12 and Pilosi are alter egos of Defendant Serenity and that Zamora is the alter ego of Defendant
13 Donelson.

14      Plaintiffs assert causes of action for breach of contract, illegality/rescission/restitution,
15 fraud, violation of Racketeer Influenced and Corrupt Organizations Act ("RICO") and
16 defamation.

17 **DISCUSSION**

18 **A.  Movants**

19      The motion for default judgment purports to be made on behalf of three plaintiffs: (1)
20 Central Valley Ranch LLC, (2) Gordon W. Shaw Properties, Inc., and (3) William Barkett.  Doc.
21 77, p. 1; Doc. 78, p. 1.  However, Central Valley Ranch LLC and Gordon W. Shaw Properties,
22 Inc. are the only two plaintiffs named in the caption of this matter, listed on the docket or
23 identified as parties to the Complaint.  Doc. 1 ¶¶ 2-3.  Mr. Barkett is merely discussed in the
24 allegations with the word "Plaintiff" preceding his name.  Doc. 1 ¶¶ 15-16.  There has been no
25 effort undertaken to correct this deficiency.  Therefore, the only proper movants are the named
26 plaintiffs:  Central Valley Ranch LLC and Gordon W. Shaw Properties, Inc.

4

B. **Legal Standard**

Plaintiffs move for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides:

> (2)   By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

C. **Eitel Factors**

Plaintiffs do not address all of the Eitel factors in their briefing.  Instead, Plaintiffs focus on the merits of their substantive claims and the sufficiency of the complaint.  These second and third Eitel factors (i.e., the merits of Plaintiffs' substantive claims and the sufficiency of the complaint) require that Plaintiffs "state a claim upon which [they] may recover." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003).  Plaintiffs have

1 filed a complaint for breach of agreement/contract, illegality/rescission/restitution, fraud, RICO
2 and defamation.

       1.      Substantive Claims and Sufficiency of the Complaint

            a.      Breach of Agreement/Contract

Plaintiffs' first and second causes of action allege that *all* Defendants breached an agreement with Shaw and with CVR. The elements of a breach of contract claim are: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) damage resulting from the breach. First Comm. Mort. Co. v. Reece, 89 Cal.App.4th 731, 108 Cal.Rptr. 23, 33 (2001).

Plaintiffs assert the existence of an agreement by World Wide with Shaw and with CVR to fund loans, Plaintiffs' performance by payment of deposits and fees, Defendant's breach through failure to fund the loans or to provide appraisals and reports, and resulting damages to Plaintiffs through loss of their 2009 crops and other fees/defaults. Complaint ¶¶ 41-45 and Exhibits 1-4.

The incorporated exhibits to the Complaint include a "Term Sheet" for both Plaintiff CVR and Plaintiff Shaw, which obligates Plaintiffs to accept a loan on the identified terms and conditions if approved for a loan by Defendant World Wide.[2]  Exhibits 1 and 2. The exhibits also include a "Loan Approval Document" for both Plaintiff CVR and Plaintiff Shaw, which notifies Plaintiffs that World Wide approved their commercial real estate loans. Exhibits 3 and 4. Plaintiffs allege the facts necessary to state a breach of contract claim against Defendant World Wide, the purported alter ego of Defendant Al Hopkins.

However, Plaintiffs do not allege sufficient facts to support a breach of contract claim against any of the remaining defendants. Specifically, there is no factual allegation identifying a contract or agreement between Shaw or CVR and the other defendants. Plaintiffs attempt to establish liability by claiming that all the Defendants conspired to create and operate an enterprise using the name "World Wide" to generate and collect fees from potential borrowers.

---

[2]The Court notes that Exhibit 1 is not signed by Plaintiff CVR.

1  Complaint ¶ 70.  This is a conclusion lacking any supporting factual allegations and is not
2  sufficient to state a breach of contract claim against Defendants Serenity Financial Group,
3  Donelson Legal Services or Carla Zamora.
4            b.        Illegality/Rescission/Restitution
5      Plaintiffs' third cause of action alleges illegality/rescission/restitution.  Plaintiffs contend
6  that because Defendants are (1) not licensed or registered to do business in California under
7  California Corporations Code § 2105 and (2) not authorized as lenders in California under the
8  California Financial Code, the Loan Approval and Loan Commitments are illegal and void under
9  California law.  At least one other district court has rejected this contention.
10     In WF Capital, Inc. v. Barkett, 2010 WL 3064413, *5-6 (W.D. Wash. Aug. 2, 2010), the
11 district court addressed the argument that certain commercial loan agreements were void and
12 illegal under California law because the lender was not registered to transact business in
13 California and not licensed as a lender in California.  The WF Capital court found the argument
14 erroneous and unsupported by the California Corporations Code and the California Financial
15 Code.  WF Capital, 2010 WL 3064412 at *5-6.  This Court agrees with the reasoning of WF
16 Capital and finds that Plaintiffs cannot state a claim for illegality/rescission/restitution.
17     *California Corporations Code § 2105*
18     Plaintiffs claim the loans are illegal and void because World Wide failed to obtain a
19 certificate of qualification pursuant to Cal. Corp. Code § 2105.  However, as the district court in
20 WF Capital noted, there is a lack of authority for the proposition that certain loans would be void
21 simply because of a failure to register.  Id. at *5.  Under the code, the failure of a corporation to
22 acquire a certificate would result only in the imposition of a fine and preclude it from suing in
23 California until it obtained a certificate.  See Cal. Corp. Code § 2203.
24     *California Financial Code §22100*
25     Plaintiffs further assert that the California Financial Code governs the finance lenders
26 market and provides relief by voiding contracts and providing civil and criminal penalties for
27 violative contracts.  Cal. Fin. Code §§ 22100, 22750-53, 22780.  Plaintiffs' assertions are without
28

merit. The code sections cited by Plaintiffs relate to consumer loans, not commercial loans such as those at issue here. See also WF Capital, 2010 WL 3064413 at *5-6.

For these reasons, Plaintiffs cannot maintain a substantive claim for illegality, rescission or restitution against Defendants World Wide, Serenity Financial, Donelson Legal Services, Al Hopkins or Carla Zamora.

      c.    Fraud

Plaintiffs' fourth cause of action alleges fraud by Defendants Hopkins and World Wide. The elements of a cause of action for fraud consist of: (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage. Engalla v. Permanent Medical Group, Inc., 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843 (1997). Federal Rule of Civil Procedure 9(b) requires that a party asserting a claim for fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir.1993). Additionally, the "plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003) (quoting In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.1994)).

Here, Plaintiffs allege fraud based on their belief that Defendants World Wide and Hopkins "had no ability and no intention . . . to actually make the loans" to Plaintiffs and that Defendants "never communicated to Plaintiffs their lack of ability or intent to make the loans." Complaint ¶ 64. In contrast to the latter allegation, Plaintiffs also allege that Defendants did inform Plaintiffs that the loans were denied and that Defendants contended "the loans had not closed because Plaintiffs failed to provide necessary information or that Plaintiffs misrepresented the status of the properties or the liens against them." Complaint ¶ 30. Plaintiffs have not sufficiently established a prima facie case of fraud based on their conclusory beliefs that Defendants had no ability and no intention to make the loans at issue. At most, Plaintiffs have stated a breach of contract claim.

|     |     |     |
| --- | --- | --- |
| 1   |     | d.  RICO |

2  Plaintiffs' fifth cause of action alleges a violation of RICO, 18 U.S.C. § 1962(a)(b) and (c). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir.2005) (citation and quotation marks omitted), cert. denied, 547 U.S. 1192, 126 S.Ct. 2861, 165 L.Ed.2d 895 (2006).

Here, Plaintiffs fail to sufficiently plead facts supporting the conclusion that Defendants engaged in a pattern of racketeering activity. "To state a RICO claim, one must allege a 'pattern' of racketeering activity, which requires at least two predicate acts." Clark v. Time Warner Cable, 523 F.3d 1110, 1116 (9th Cir.2008) (citations omitted). Conduct involving a single victim or a single episode with a single purpose is not sufficient to establish a pattern. Medallion Television Enterprises, Inc. v. SelecTV of California, Inc., 833 F.2d 1360, 1363-64 (9th Cir. 1987) (no pattern of racketeering exists where there is "single alleged fraud with a single victim"); Von Brinkcen v. Mortgageclose.Com, Inc., 2011 WL 2621010, *6 (E.D. Cal. Jun. 30, 2011) ("To properly plead a RICO violation for civil damages, a plaintiff must show that defendants, through two or more acts constituting a pattern, participated in an activity affecting interstate commerce."). Further, acts "extending over a few weeks or months and threatening no future criminal conduct" do not satisfy the pattern requirement. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 242 (1989) (noting Congress' concern in RICO with long-term criminal conduct); Religious Tech. Center v. Wollersheim, 971 F.2d 364, 367 (9th Cir.1992) ("A pattern of activity lasting only a few months does not reflect the 'long term criminal conduct' to which RICO was intended to apply.").

In this case, Plaintiffs allege that the predicate acts spanned from May 2009 to October 2009 and that Defendants' conduct was aimed only at loans for two properties for which William Barkett acted as principal agent. Complaint § Doc. 1 ¶¶ 22-30, 56. In other words, the alleged conduct involved a single victim or a single episode with a single purpose lasting only a few

9

months. Thus, Plaintiffs fall short of sufficiently pleading a pattern of racketeering activity to support a RICO violation.

   e. Defamation

  Plaintiffs' sixth, and final, cause of action alleges defamation by Defendants.

  "Defamation is an invasion of the interest in reputation." Smith v. Maldanado, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999). "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1369, 117 Cal.Rptr.3d 747 (2010) (citing Taus v. Loftus, 40 Cal.4th 683, 720, 54 Cal.Rptr.3d 775, 151 P.3d 1185 (2007)).

  Plaintiffs do not sufficiently allege the elements to support a defamation claim. Plaintiffs' complaint states in conclusory language that Defendants "have sent email and correspondence in which they have stated Plaintiffs were attempting to or were committing fraud in seeking the[] loans" and that Defendants "have made similar statements to third parties all with the intention of defaming Plaintiffs . . . ." Complaint ¶¶ 78-79. At a minimum, Plaintiffs' Complaint fails to allege the defamatory statements, who made the statements and to whom they were made. Plaintiffs' generalized and conclusory allegations are not sufficient.

  2. Remaining Eitel Factors

  The majority of the remaining Eitel factors weigh in favor of granting default judgment. First, if the motion were denied, Plaintiffs would be prejudiced because they would likely be without a remedy. Second, the sum of money at stake in this action is not large. Plaintiffs seek $586,000 in damages, which includes the payment of fees and deposits totaling $86,000.00 and in excess of $500,000 in damages from loss of their 2009 crop, late fees, default interest and filing of bankruptcy. Complaint ¶¶ 16, 17, 21, 27, 23, 25, 45, 50. Third, because Defendants World Wide and Al Hopkins did not file an answer to the complaint, there is little to suggest that there is a possibility of a dispute concerning material facts. See, e.g., Elektra Entm't Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D.Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood

that any genuine issue of material fact exists."). It also is unlikely that Defendants' default was due to excusable neglect given Plaintiffs' efforts to effectuate service in this matter. As a final matter, the Court acknowledges the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, but notes that the complete failure of Defendants to respond to the complaint and default judgment motion make a decision on the merits impractical and improbable. Elektra, 226 F.R.D. at 393.

## RECOMMENDATION

For the reasons discussed, the Court HEREBY RECOMMENDS as follows:

1. Plaintiffs' motion for default judgment against Defendant World Wide, and its alter ego Defendant Hopkins, be GRANTED on the first and second causes of action for breach of agreement/contract.

2. Plaintiffs' motion for default judgment against Defendants Serenity Financial Group, Donelson Legal Services and Carla Zamora be DENIED; and

3. Plaintiffs be AWARDED damages in the amount of $586,000 against Defendant World Wide and its alter ego, Defendant Hopkins.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  January 23, 2012            /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE